**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ZIM INTEGRATED SHIPPING SERVICES LTD.** | § § | |
| **PLAINTIFF,** | § § | **CIVIL ACTION NO.** |
| **V.** | § § | **26-cv-_____** |
| | § | |
| **ELEKTRON ENTERPRISES LLC,** | § § | **IN ADMIRALTY** |
| **DEFENDANT.** | § § | **FED. R. CIV. P. 9(h)** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Zim Integrated Shipping Services Ltd. (hereinafter "Zim" or "Plaintiff"), and files this Complaint against Elektron Enterprises LLC, and alleges upon information and belief as follows:

## JURISDICTION AND VENUE

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333.

3. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 in the alternative, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and upon information and belief, Defendant is a citizen of a State different from Plaintiff.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims occurred within this District, including at the Port of Houston.

5. Defendant is subject to personal jurisdiction in this District because it purposefully directed activities toward Texas, including importing cargo through the Port of Houston giving rise to the claims asserted herein.

## PARTIES

6.    Plaintiff Zim is a foreign business entity organized under the laws of Israel, with its principal place of business in Haifa, Israel, and operates as a vessel operating common carrier.

7.    Upon information and belief, Defendant Elektron Enterprises LLC ("Elektron") is a Delaware limited liability company engaged in the importation of goods into the United States, including through the Port of Houston, Texas.

## FACTS

8.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–7 as though fully set forth herein.

9.    In or around March 17, 2025, Zim issued seven (7) bills of lading (nos. ZIMUSNH7771953,    ZIMUSNH7771954,    ZIMUSNH7771955,    ZIMUSNH7771956, ZIMUSNH7771957, ZIMUSNH7771958, and ZIMUSNH7771959) (collectively, the "Bills of Lading"), governing the transport of containerized goods from Shanghai, China, to Houston, Texas.

10.    Zim transported approximately 20 containers under each of the Bills of Lading, for a total of approximately 140 containers (collectively, the "Containers").

11.    Zim duly performed its obligations as an ocean carrier and discharged the Containers at the Port of Houston, Texas, on or about April 18-19, 2025.

12.    Following discharge, the Containers were placed at the Bayport Container Terminal at the Port of Houston pending customs clearance and delivery.

13.    Upon information and belief, Elektron was the importer of record and/or the party responsible for customs entry, classification, valuation, and payment of duties associated with the cargo, and for ensuring compliance with applicable customs requirements.

14. Elektron acted directly and/or through its agents, including but not limited to customs brokers and logistics providers involved in the importation of the cargo.

15. Due to acts and/or omissions attributable to Elektron, including but not limited to deficiencies in customs entry, valuation, classification, and/or compliance with applicable import requirements, including but not limited to the proper declaration and reporting of the cargo, the cargo became subject to a hold imposed by U.S. Customs and Border Protection ("CBP").

16. As a result of the CBP hold, the Containers remained at the Port of Houston for an extended period of time, from approximately April 2025 through September 2025.

17. During this period, the Port of Houston assessed substantial terminal storage charges in connection with the Containers.

18. Zim, as ocean carrier, was required to pay and satisfy such terminal charges in order to maintain terminal access, cargo operations, and its contractual and operational relationship with the terminal.

19. Zim's payment of such charges was not voluntary, but was necessary and compelled by its obligations to the terminal and the necessity of maintaining ongoing port and cargo operations and in order to avoid disruption to port operations and the accrual of additional charges.

20. Zim paid terminal storage charges to the Port of Houston in the total amount of $708,153.00, attributable to the Containers covered by the Bills of Lading.

21. These charges were incurred as a direct and proximate result of the delays caused by Elektron's acts and/or omissions in connection with the importation and customs clearance of the cargo.

22. Zim's payment of these charges conferred a direct benefit upon Elektron by preserving the storage and eventual release of its cargo.

## FIRST CLAIM FOR RELIEF

### (Maritime Indemnity)

23. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–22 as though fully set forth herein.

24. Under the general maritime law, a party that is compelled to pay damages or charges as a result of the acts or omissions of another is entitled to indemnity.

25. The terminal storage charges paid by Zim were directly and proximately caused by Elektron's acts and/or omissions in connection with the importation and customs clearance of the cargo.

26. Zim's payment of such charges was not voluntary, but was required in order to maintain terminal access, cargo operations, and its contractual obligations to the terminal.

27. Accordingly, Elektron is obligated to indemnify Zim in the amount of $708,153.00.

## SECOND CLAIM FOR RELIEF

### (Unjust Enrichment)

28. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–27 as though fully set forth herein.

29. Elektron benefited from Zim's payment of terminal storage charges associated with its cargo.

30. It would be inequitable for Elektron to retain that benefit without reimbursing Zim.

31. Zim is therefore entitled to restitution in the amount of $708,153.00.

-4-

## THIRD CLAIM FOR RELIEF

### (Negligence)

32.    Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–31 as though fully set forth herein.

33.    Under the general maritime law, Defendant owed a duty to exercise reasonable care in connection with the importation, declaration, classification, valuation, and customs clearance of the cargo.

34.    Upon information and belief, Defendant breached that duty by, inter alia, failing to properly declare, classify, value, and/or ensure compliance with applicable customs requirements in connection with the importation of the cargo.

35.    As a result of Defendant's acts and/or omissions, the cargo became subject to a hold imposed by U.S. Customs and Border Protection, causing the Containers to remain at the Port of Houston for an extended period of time.

36.    The delays caused by Defendant's conduct resulted in the imposition of substantial terminal storage charges by the Port of Houston.

37.    Plaintiff was required to pay, and did pay, such charges in the total amount of $708,153.00.

38.    Defendant's acts and/or omissions were a direct and proximate cause of Plaintiff's damages.

39.    As a result, Defendant is liable to Plaintiff for damages in the amount of $708,153.00.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff ZIM INTEGRATED SHIPPING SERVICES LTD. respectfully requests that judgment be entered in its favor and against Defendant ELEKTRON ENTERPRISES LLC as follows:

a.  For damages in the amount of $708,153.00, or such other amount as may be proven at trial;

b.  For pre-judgment and post-judgment interest as allowed by law;

c.  For costs of suit, including reasonable attorneys' fees to the extent recoverable, including under applicable maritime or other law; and

d.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LISKOW & LEWIS**

*/s/Jonas S. Patzwall*
Jonas S. Patzwall
State Bar No. 24122915
Fed. ID No. 3712905
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile:  (713) 651-2908
Email:  jspatzwall@liskow.com

**OF COUNSEL:**

William H. Yost (*pro hac vice* application forthcoming)
11 Broadway, Suite 615
New York, NY 10004
Tel.: (332) 286-5283
Email: whyost@liskow.com

**ATTORNEYS FOR PLAINTIFF**
**ZIM INTEGRATED SHIPPING SERVICES LTD.**